UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO's:  20-cr-20040-GAYLES
            25-cr-80024-GAYLES

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN PINEDA DUVERGE,

        Defendant.
_____/

### MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM

COMES NOW the Defendant, JOHN PINEDA DUVERGE, by and through undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 552 U.S. 38 (2007), and related authority, hereby submits this Motion for Downward Variance and Sentencing Memorandum. The Defendant respectfully requests that this Court impose a minimal, nominal conseutive term of imprisonment on the failure to appear count, that does not exceed the two-year mandatory minimum required under 18 U.S.C. §1028A for the aggravated identity conviction. For the reasons set forth below, a variance from the advisory guidelines on the failure to appear conviction is justified and appropriate. The factors listed under § 3553(a) collectively support this request and demonstrate that such a sentence would be sufficient, but not greater than necessary, to achieve the goals of federal sentencing.

## I. NATURE AND CIRCUMSTANCES OF THE OFFENSE (§ 3553(a)(1))

The Defendant originally pled guilty to aggravated identity theft in his earlier case, and subsequently pleaded guilty this year to failing to appear for his sentencing hearing back in 2022. The Defendant's sentencing hearing was scheduled to take place on June 30, 2022, however, as a result of his failure to appear at that time, a warrant has been outstanding and was executed upon the Defendant on December 3, 2024. The Defendant has been incarcerated since that time; almost 9 months. To put things in perspective for the Court, the PSR, offense conduct section, regarding the aggravated identity theft charge, only reflects and lists one occasion that Mr. Duverge entered a Sprint store and completed a transaction using fraudulent credentials. At most, however, it may have been (3) times. The total amount of the transaction mentioned was $1,242.25. The Defendant's limited role contrasts with the more significant and repeated conduct of his co-defendant, Ederlyn Mendez Flores, who entered many more stores to conduct fraud, who received a sentence of probation for her involvement. Ms. Mendez Flores was permitted to plead guilty to conspiracy to commit wire fraud and not any of the aggravated identity theft counts. In fact, co-defendant Flores subsequently violated her probation conditions and was still reinstated on supervision, despite her role in the underlying offense. [DE 130].

With respect to his failure to appear at his sentencing hearing, Mr. Duverge accepts full responsibility. He initially failed to appear for sentencing after being threatened by an individual named Donald Maldonado, the same person whom he had implicated in his earlier cooperation with the government, after his original arrest on the fraud case, and who forcibly removed his ankle monitor, also threatening him with bodily harm before he jumped from the van he was riding in. This incident took place just hours before his sentencing. While Mr. Duverge believed that Mr. Maldonado was providing him a ride to his sentencing hearing, there were apparently

ulterior motives in play. Although his initial absence from court may be understood in light of these threats and circumstances, Mr. Duverge concedes that he could have and should have contacted the Court, more importantly, his attorney, once the threat subsided and time went on. His initial reasons for not appearing at sentencing were due in part to fear, but he admits that not notifying the Court afterwards was a serious lapse in judgment for which he is guilty.

## II. HISTORY AND CHARACTERISTICS OF THE DEFENDANT (§ 3553(a)(1))

Mr. Duverge is currently a 31-year-old lawful permanent resident from the Dominican Republic. He is the father of five young children and has faced persistent mental health challenges throughout his life, including major depressive disorder, PTSD, learning disabilities, and substance use issues. Despite these difficulties, he has demonstrated resilience and a commitment to improving himself and supporting his family.

His mental health diagnoses are well-documented. In April 2021, he was evaluated by Dr. Fernando Mejia of Compass Health Systems, who diagnosed him with major depressive disorder and a general learning disability. Mr. Duverge also presented with symptoms consistent with an eating disorder. At that time, he was prescribed Trazodone, Mirtazapine, and Seroquel to help manage his conditions. He has a long history of depressive episodes and reports significant difficulties with memory and cognitive functioning. He has self-identified as having a mental deficiency, and his statements to the doctor were consistent with clinical findings.

More recently, during his incarceration in the Palm Beach County Jail, correctional medical staff diagnosed Mr. Duverge with posttraumatic stress disorder and psychoactive substance abuse with mood disorder. He is currently prescribed Mirtazapine and Olanzapine to treat his ongoing mental health conditions. His history includes multiple instances of suicidal

ideation, and he was previously placed on suicide watch due to the severity of his emotional state.

Despite these overwhelming personal challenges, Mr. Duverge has maintained a strong desire to engage in self-improvement. Mr. Duverge continued to work even during the period of his absence from this Court. Since his arrest, he has consistently participated in Alcoholics Anonymous meetings, enrolled in a drug rehabilitation program held three times per week, and attends weekly church services while incarcerated. These voluntary efforts reflect a sincere commitment to rehabilitation and personal accountability.

In addition to managing his mental health, Mr. Duverge has worked steadily in physically demanding jobs. He has been employed in construction and painting for many years, often enduring long hours and difficult conditions to provide for his five children. His most recent employment was with Bico Painting, where he worked while living in modest conditions prior to his arrest.

Mr. Duverge's dedication to his family and his efforts to overcome deeply rooted psychological struggles are reflected in the letters submitted on his behalf. His mother, Marilyn Duverge, describes him as remorseful and hopeful for change, noting that his past actions were the result of immaturity and poor judgment rather than malicious intent. Darlin Garcia, a close family friend and co-parent to one of his children, emphasizes his qualities as a devoted father and affirms her belief in his potential. Indiana Medina, another close friend, expresses her conviction that he deserves a second chance and describes him as someone who simply found himself in unfortunate circumstances.

Taken together, these elements reveal a man who has made mistakes but who also possesses the determination and support network necessary for successful reintegration. His

mental health history, work ethic, and family ties all weigh strongly in favor of a sentence that emphasizes rehabilitation over additional incarceration.

### III. THE NEED FOR THE SENTENCE IMPOSED (§ 3553(a)(2))

The mandatory two-year sentence for aggravated identity theft sufficiently addresses the seriousness of both offenses and serves as just punishment. Further incarceration would be excessive given Mr. Duverge's mental health struggles, his minor role in the offense, and his rehabilitative efforts.

He has participated in AA, substance abuse programming, and weekly church services while in jail. He has demonstrated remorse and a genuine desire to improve his life. His family and friends have shown tremendous support, not just emotionally, but financially, by working together to raise funds for his restitution despite their limited resources. They are hopeful that the restitution amount, having been raised and to be given to counsel at the time of sentencing, will be seen as a positive factor in allowing this Court to vary downward on the failure to appear count and impose a time served sentence. Counsel for the Defendant will notify the Court at the time of sentencing whether the full amount of restitution has been received by the family.

Mr. Duverge's continued incarceration is not necessary to deter future misconduct or to protect the public. A sentence of time served for failing to appear, followed by two years' incarceration on the aggravated identity theft count, meets the goals of punishment, deterrence, and rehabilitation.

### IV. THE KINDS OF SENTENCES AVAILABLE (§ 3553(a)(3))

While a two-year consecutive term is mandated for Count Seven, the Court retains discretion to vary downward from the advisory guideline range for the failure to appear charge. Given the circumstances surrounding Mr. Duverge's nonappearance and his otherwise limited

criminal history, having never been convicted of any misdemeanors or felonies, such a variance is appropriate. This Court may consider the mandatory consecutive sentence imposed under §1028A when fashioning an appropriate sentence on the other count. Here, the two-year sentence on the aggravated identify theft conviction is already significant and will be served without the possibility of concurrency. When combined with even the high end of the guideline range for failure to appear, the aggregate sentence would be greater than necessary to achieve the purposes of sentence set forth in § 3553(a). The failure to appear offense, while serious, involved no violence, no obstruction of justice beyond the absence itself, and no new criminal conduct during the period of nonappearance.

## V. THE SENTENCING RANGE ESTABLISHED (§ 3553(a)(4))

The advisory guideline range on the failure to appear count, with a total offense level of 7, criminal history category I, places the Defendant in an advisory guideline range of 0 to 6 months incarceration.  The maximum sentence is 2 years' imprisonment. However, the facts of this case, including the coercive threats faced by Mr. Duverge, his long-term mental health issues, subsequent rehabilitation while incarcerated, and his financial and familial hardships, strongly support a downward variance.

## VI. PERTINENT POLICY STATEMENTS (§ 3553(a)(5))

There are no policy statements that undersigned counsel could find prohibiting consideration of the defendant's mental health, coercion, and family circumstances as grounds for a variance. In fact, in counsels experience, these are recognized as legitimate mitigating factors in federal sentencing.

### VII.  NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES (§ 3553(a)(6))

Mr. Duverge's co-defendant, who participated in many more fraudulent transactions than he did, and who got involved before he did, received probation as it relates to the offense of conviction in her matter. A proportionate sentence—limited to the mandatory two-year term for that same offense conduct—is warranted here for sentencing in both cases. A minimal, nominal consecutive term of imprisonment on the failure to appear count, such that the total sentence in this matter does not exceed the two-year mandatory minimum required under §1028A would avoid unwarranted disparity and would ensure that justice is administered equitably.

### VIII. NEED TO PROVIDE RESTITUTION (§ 3553(a)(7))

Restitution in the amount of $2,399.99 was owed for the GPS monitor due to it being damaged and lost. Mr. Duverge's family, though economically disadvantaged, has made great efforts to raise the money to pay this amount in full. Their dedication and belief in Mr. Duverge's recovery are sincere. They want him to return home and begin the next chapter of his life. Their financial contributions, despite their own hardships, underscore the strength of their support system and Mr. Duverges' prospects for successful reintegration into society.

### IX. IMMIGRATION CONSEQUENCES AS COLLATERAL PUNISHMENT

While Mr. Duverge is not currently subject to an immigration detainer, it is highly likely, given the current administration's policy on immigration, that he will face deportation proceedings following completion of his federal sentence. When this occurs, Mr. Duverge will face additional time in immigration detention awaiting his deportation. He will also likely face a lifetime ban from reentry into the United States, resulting in permanent separation from his family and his five children. These consequences are punitive in nature and serve as further grounds for varying downward in this case.

## X. CONCLUSION

For all the foregoing reasons, the Defendant respectfully requests that the Court impose a minimal, nominal consecutive term of imprisonment on the failure to appear count, such that the total sentence in this matter does not exceed the two-year mandatorny minimum required under 18 U.S.C. 1028A for the aggravated identity theft conviction. This type of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a).

WHEREFORE, Mr. DUVERGE respectfully requests that this Court grant a downward variance.

Respectfully submitted by,

JONATHAN S. FRIEDMAN, P.A.
ATTORNEY FOR DEFENDANT
101 N.E. 3RD AVENUE
SUITE 1500
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 713-2820
FACSIMILE: (754) 301-5109

/s/ *Jonathan Friedman*

JONATHAN S. FRIEDMAN, ESQ.
FLORIDA BAR NUMBER: 0973297

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2025, the undersigned attorney electronically filed the foregoing document with the Clerk of the Court, AUSA, United States Attorney Office-Southern District of Florida, and other counsel of record, if any, using CM/ECF and has served same via U.S. Mail to those counsel(s) or individuals, if any, who are not authorized to receive electronically Notice of Electronic Filing.

/s/ *Jonathan Friedman*
_____
JONATHAN S. FRIEDMAN, ESQ.